ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. TRAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4104-JAR |
| ) | |
| UNITED STATES DISTRICT COURT ) | |
| JUDGE PHILIP M. PRO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Extend Time to File a Timely Notice of Appeal (Doc. 43). Plaintiff, who is *pro se*, brought this action against defendants alleging that they conspired and violated his Fourth and Fifth Amendment rights and his civil rights under Title VII of the Civil Rights Act of 1967 during the course of arresting him on August 13, 2002. On May 25, 2006, the Court granted defendants' motion to dismiss, and issued a judgment closing the case.[1] The court records in this case reflect that notice of this judgment was mailed to plaintiff at the address he provided to the Court. A copy of the Memorandum Order and Judgment dismissing the case was also sent to plaintiff at that address. Plaintiff's

---

[1] (Docs. 41, 42.)

1

notice of appeal was due on July 24, 2006.[2]  On September 8, 2006, plaintiff filed this Motion for Extension of Time to File a Timely Notice of Appeal contending that he did not receive notice of the dismissal of this case until September 1, 2006.

Initially, the Court notes that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[3]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[4]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[5] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[6]  Further, a litigant's *pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[7]  With this standard in mind, the Court addresses plaintiff's request for an extension of time to file his notice of appeal.

"It is well-established that an appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal, and this requirement is mandatory and jurisdictional."[8]  Plaintiff requests additional time to file his notice of appeal based on "excusable neglect" under

---

[2]Under Fed. R. App. P. 4(a)(1)(B), plaintiff's notice of appeal was due sixty days after the entry of the judgment, which was July 24, 2006.

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]*Id.*

[5]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[7]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[8]*Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256 (10th Cir. 1990) (citations omitted).

Federal Rule of Appellate Procedure 4(b)(4). However, that rule applies to criminal cases. Instead, in this civil case, the Court must apply Federal Rule of Appellate Procedure 4(a)(6) to plaintiff's request.[9] Rule 4(a)(6) is entitled "Reopening the Time to File an Appeal" and provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Rule 4(a)(6) "does not grant a district judge *carte blanche* to allow untimely appeals to be filed."[10] Instead, the Court "must make findings that the conditions prescribed by the rule have been satisfied."[11]

In this case, the Court declines to reopen plaintiff's time to file an appeal because the first condition in this rule has not been satisfied. The party seeking to reopen the time for appeal under Rule 4(a)(6) bears the burden of proving non-receipt of notice.[12] The Court recognizes that "[n]on-receipt is difficult to prove concisely."[13] However, according to the receipt for the

---

[9]*See Ogden*, 32 F.3d at 454 (liberally construing plaintiff's notice of appeal as a motion to reopen for appeal pursuant to Fed. R. App. P. 4(a)(6)).

[10]*In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994).

[11]*Id.*

[12]*McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 2005)).

[13]*VanDeelen v. Shawnee Mission Unified Sch. Dist. No. 512*, No. 03-2018-CM, 2004 WL 2278663, at *1 (D. Kan. June 16, 2004).

May 25, 2006 Memorandum Order and Judgment, plaintiff was mailed a copy of both of these documents to the address that plaintiff provided to the Court.  Further, the letter was never sent back to the Court as undeliverable.[14]  Thus, the Court finds that plaintiff has not shown that he did not receive notice of the judgment entry in this case.  Accordingly, the Court denies plaintiff's request to reopen the time to file an appeal under Rule 4(a)(6).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Extend Time to File a Timely Notice of Appeal (Doc. 43) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 5th day of October 2006.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Court

---

[14]*See Ogden*, 32 F.3d at 455 (finding that the district court did not abuse its discretion in denying plaintiff's motion to reopen the time for appeal when "court records revealed that a copy of the order dismissing his case had been sent to [plaintiff] and never returned as undeliverable).  Conversely, had the letter been returned to sender, the Court could take this into account in determining that plaintiff did not received notice.  *See Kadonsky v.United States*, No. 2:98-CV-825BSJ, 2006 WL 1348191, at *1, 4 (D. Utah May 11, 2006) (finding that petitioner did not receive notice of the entry of judgment within twenty days of the entry when the envelope was returned to the Clerk's Office).